UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH AND ME, INC.,
a Florida corporation,

    Plaintiff,

v.                                   Case No. 8:11-cv-670-T-33EAJ

ORNAMENT CENTRAL, LLC.,
a Massachusetts Limited Liability
Company, SMUDGES, a Massachusetts
Business Entity, and
CHRISTINE CASEY, an individual,

    Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Defendants' Motion to Dismiss or Alternatively to Transfer Venue (Doc. # 11), filed on June 13, 2011. Plaintiff filed a Memorandum in Opposition to the Defendants' Motion (Doc. # 14) on July 1, 2011. For the reasons that follow, the Motion to Transfer based on the first-to-file rule is due to be granted.

**I.   Factual and Procedural Background**

Plaintiff Rudolph and Me, Inc. (RMI) is a Florida corporation that designs, manufactures and sells hand painted ornaments. (Doc. # 1 at ¶ 1). Defendant Ornament Central, LLC.(OC) is a limited liability company organized under the laws of Massachusetts. OC creates, manufactures, markets, distributes and sells giftware items including ornaments. (Doc. # 11). Defendant Smudges is an unincorporated business entity with its principal place of business in Massachusetts. (Id.). Defendant Christine Casey, an individual, is a designer, manufacturer

and/or seller of ornaments.  (Id.).  Casey is also an officer/alter-ego of Smudges (Doc. # 1 at ¶ 4).

On January 13, 2011, OC filed a complaint in the Central Division of the United States District Court for the District of Massachusetts (MA action), which alleges that Defendants in that action[1] infringed over 26 registered copyrights along with the trademark and trade dress of OC's distinctive face.  (Doc. # 11). The complaint asserts counts of Federal Trademark Infringement, Violation of Massachusetts Regulation of Business Practices for Consumers Protection Act, Violation of Massachusetts Trade Name Protections, Violations of Massachusetts Trade Dress Protections, Violation of Common Law Copyright Protections, and an Accounting.

On March 30, 2011, RMI filed the instant complaint in the Middle District of Florida (FL action) alleging that OC had infringed nine of RMI's federal copyrights and trademarks including trademarked facial features.  (Doc. # 1 at ¶¶ 22 - 23). The FL action asserts counts of Federal Copyright Infringement, Federal Trademark Infringement under § 43(a) of the Lanham Act, Unfair Competition and False and Misleading Advertising under 15 U.S.C. § 1125, Unfair Competition and False and Misleading Advertising Under Florida Law, Common Law Copyright Infringement, Request for a Constructive Trust, and Unjust Enrichment under Florida Common Law.

---

[1]Defendants in MA action include RMI and six other parties: Roeb-ken's Rascals aka Rascal's, Family Trees Unlimited, Inc., Joseph Brielman, Susan Brielmann, Jan Carle, and Kathleen Snell.

2

**II. Legal Standard**

Defendants' Motion to Transfer is predicated on two different legal theories: 1) the first-to-file rule, or alternatively, 2) 28 U.S.C. § 1404(a).

The first-to-file rule provides that, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998).

In the alternative to a transfer based on the first-to-file rule, Defendants move for transfer of venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The primary purpose of § 1404(a) is avoiding unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D. Fla. 1996).

**III. Analysis**

**A. Transfer Pursuant to the First-to-File Rule**

Non-resident Defendants ask this Court to transfer this case to the District of Massachusetts pursuant to the first-to-file

rule.  This determination is within the discretion of the Court.
<u>Clohessy</u>, 9 F. Supp.2d at 1316.

In making its determination, the Court looks to the following factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991); <u>Plating Res., Inc. v. UTI Corp.</u>, 47 F. Supp. 2d 899, 903-04 (N.D. Ohio 1999).

Upon consideration of the above factors, the Court finds that transfer is warranted.  First, there is no question as to the chronology of the two actions.  The MA action was filed on January 13, 2011, while the FL action was not filed until March 30, 2011.  RMI asserts that the two defendants in the FL action not present as defendants in the MA action make the FL action the first action commenced of its type.  (Doc. # 14 at 4).  However, this factor goes to the similarity of the parties and not to the chronology of the actions.

Plaintiff RMI asserts that there is disparity between the parties, and thus, the first-to-file rule is inapplicable.  (<u>Id.</u> at 4-6).  Nevertheless, this Court is persuaded that a precise identity of the parties is not required. <u>See</u> <u>ERW, Inc. v. Environ Prods., Inc.</u>, No. 1:96-cv-144, 1996 WL 550020, at *3 (W.D. Mich. July 8, 1996)("a precise identity of parties is simply not required"); <u>see</u> <u>also</u> <u>Plating Res. Inc.</u>, 47 F. Supp. 2d at 904.  As Defendants assert, RMI is the central defendant in the MA action while OC is the central defendant in the FL action.

4

(Doc. # 11 at 5).

RMI further contends that the six additional defendants in the MA action should weigh against transfer. (Doc. # 14 at 4-6). This would be more persuasive if all of those defendants were separate entities from RMI. However, two of those defendants, Jan Carle and Rascals have been acquired by RMI. Additionally, two more defendants have an interest in the FL action as the Brielmans are RMI's founders and Susan Brielmann is its creator. (Doc. # 11 at 8-9). As a precise identity of the parties is not required under the first-to-file rule, this Court finds there is sufficient similarity and overlap to weigh in favor of transfer.

Finally, RMI argues that the issues within the actions are too dissimilar. RMI's primary argument is that the MA action and FL action are two separate intellectual property actions. (Doc. # 14 at 7). The Court finds it more than just superficial that the two actions deal with distinctive copyrights and associated registrations for different ornaments. (<u>Id.</u>). However, the Court also finds instructive Defendants' assertions that the actions are not entirely different because the underlying issue, the similarity in facial features, is the same in both actions. (Doc. # 11 at 4). A visual comparison of the ornaments in the FL action shows that indeed one of the most prominent features contested in both actions, the smile, is present on nearly all of the ornaments. (Doc. # 1 at Ex. A - C).

RMI asserts incorrectly that because the complaints are not "mirror-images" of each other, this Court should not transfer the

FL action to Massachusetts. (Doc. # 14 at 7). However, a strict mirror-image, although more persuasive, is not required. What is required is a similarity or an overlapping in subject matter. Manuel, 430 F.3d at 1135. The Eastern District of Pennsylvania stated this distinction succinctly:

> The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one.

Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc., No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009). RMI's reliance on Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997), is misplaced because in that case, the two issues were completely distinct whereas here there are similarities.[2] As with the similarity of the parties, this Court finds there is enough similarity and overlap to weigh in favor of transfer.

"In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982). Here, RMI fails to offer any compelling circumstances that would warrant not transferring this action.

---

[2] See Lovell v. United Airlines, Inc., 728 F. Supp. 2d 1096, 1108 (D. Haw. 2010) (noting that Cedars-Sinai involved resolving two different legal issues and could not be instructive where issues were very similar).

In consideration of the chronology of the actions, the similarity of the parties, the similarity of the issues, and the lack of any compelling reasons to find in the contrary, the Court finds that granting transfer will support the main purpose of the first-to-file rule. The Court is persuaded that were the two actions to proceed separately in different venues, the overlap of issues and parties would create judicial waste and a potential for incompatible rulings.

**B. Transfer Pursuant to 28 U.S.C 1404(a)**

In the alternative, non-resident Defendants ask this Court to transfer this case to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). (Doc. # 11). However, because this Court has already determined that transfer is proper under the first-to-file rule, there is no need for the Court to address this alternative request.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that:

(1) Defendants' Motion to Transfer to the U.S. District Court for the District of Massachusetts (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to transfer this case to the U.S. District Court for the District of Massachusetts, Central Division.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 7th day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7

Copies:

All Counsel of Record